**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Miller; Nathan Miller, | No. CV-09-1954-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| American Family Mutual Insurance Company, | |
| Defendant. | |

The court has before it plaintiffs' motion to amend (doc. 32), defendant's response (doc. 43), and plaintiffs' reply (doc. 65). We also have before us defendant's motion to limit plaintiffs' standing to American Standard insureds (doc. 44), plaintiffs' response and cross motion to file second amended complaint (doc. 71), defendant's response and reply (doc. 72), and plaintiffs' reply (doc. 74).

Plaintiffs alleged in their original complaint that they were insureds under an automobile policy issued by American Family Mutual Insurance Company ("American Family") that provided uninsured and underinsured motorist coverage, as well as medical payments coverage. Michelle Miller was injured in an automobile accident on October 24, 2006, and made a claim against the other driver's liability carrier. When the limits of that insurance policy were exhausted, and plaintiffs were not made whole, they made a claim

against American Family for medical payment and underinsured motorist benefits. Plaintiffs' insurance policy contained an offset provision that provided: "No one will be entitled to duplicate payments for the same elements of loss. Any amount we pay under this coverage to or for an injured person applies against any other coverage applicable to the loss so that there is not a duplication of payment." Motion to Amend, ex. B ("offset provision"). Pursuant to the offset provision, American Family reduced payment for underinsured motorist benefits by the amount paid under the medical payments provision of its policy.

Plaintiffs then brought this action asserting claims on behalf of themselves and others who purchased underinsured motorist and medical payments coverage from American Family, for breach of contract, bad faith, and violation of A.R.S. § 20-443.

**I. Motion to Amend**

Plaintiffs allege in their original complaint that they had a contractual relationship with American Family. They now move for leave to amend their complaint, contending that during discovery the parties identified American Standard Insurance Company of Wisconsin ("American Standard") as the entity that issued the relevant insurance policy. Plaintiffs also seek to amend the complaint to add a claim for injunctive relief and to broaden the putative class definition to encompass claims dating back to 1983.

In our December 4, 2009 scheduling order (doc. 12), we set February 8, 2010, as plaintiffs' deadline to amend the complaint. Yet plaintiffs' motion to amend was not filed until a month after that deadline passed and almost 7 months after the original complaint was filed. While we agree that there is good reason to add American Standard in order to name the correct contractual party based on newly discovered evidence, plaintiffs do not attempt to explain why they could not have asserted a claim for injunctive relief or an amendment to expand the class definition in a timely fashion.

In addition to being untimely, defendant argues that the request to assert a claim for injunctive relief and to redefine the class should be denied because the amendments are either unnecessary or futile. Plaintiffs acknowledge that they have a statute of limitations hurdle to overcome in attempting to assert claims dating back to 1983. However, without

- 2 -

explanation, they make a conclusory assertion that equitable tolling should apply. A statute of limitations may be tolled if a plaintiff was prevented from filing the action "due to sufficiently inequitable circumstances" or "extraordinary circumstances beyond plaintiffs' control." McCloud v. State, 217 Ariz. 82, 87, 170 P.3d 691, 696 (Ct. App. 2007). No such showing is made here. Their argument that "claimants are merely passive," Reply at 5, is insufficient to demonstrate that they were prevented from filing their claims. We conclude that equitable tolling is not warranted and the amendment to assert claims dating back to 1983 would be futile.

With respect to their belated request to add a claim for injunctive relief, plaintiffs recognize that a judgment in their favor will effectively operate to provide such relief without an amendment. They offer no justification to ignore our Rule 16 deadline and accordingly we decline to do so.

We grant plaintiffs' motion to amend the complaint to add American Standard as a party defendant (doc. 32). We deny the motion with respect to the request to add a claim for injunctive relief and to expand the class definition.

## II. Motion to Limit Standing

In their amended complaint, plaintiffs define the putative class as "all persons who are or have been at any time American Family or American Standard insureds." Proposed Amended Complaint ¶ 43. Defendant moves to limit plaintiffs' standing to sue only on behalf of individuals who purchased auto insurance from American Standard. They argue that because plaintiffs have no contractual relationship with American Family, they have no standing to assert breach of contract claims on behalf of American Family insureds. We agree.

If a putative class action complaint includes multiple claims, at least one named class representative must have Article III standing to assert a claim against each defendant. O'Shea v. Littleton, 414 U.S. 488, 494, 94 S. Ct. 669, 675 (1974); 5 James Wm. Moore et al., Moore's Federal Practice ¶ 23.63(1)(b) (3d ed. 2010). A "person cannot predicate standing on injury which he does not share." Allee v. Medrano, 416 U.S. 802, 828-29, 94 S. Ct. 2191,

- 3 -

1  2207 (1974) (Burger, C.J., concurring in part, dissenting in part).

Because plaintiffs are not parties to an insurance contract with American Family, they lack standing to sue American Family for breaching its contracts with its insureds. While plaintiffs have standing to sue American Family as the company that adjusted their claims, their representational standing is limited to asserting claims on behalf of American Standard insureds only.

We also reject plaintiffs' argument that both American Standard and American Family are proper defendants because they "are virtually the same company" based on their corporate affiliation and American Family's role in adjusting claims for American Standard. Response at 2. Although affiliated, there is no dispute that they are separate corporate entities. Plaintiffs assert no alter ego, joint venture, or other derivative liability theory that would justify ignoring the separate corporate identities. Accordingly, plaintiffs' standing is limited to asserting claims on behalf of American Standard insureds.

Finally, in their cross motion to file a second amended complaint, plaintiffs seek to cure their standing problem by adding an American Family insured, Joseph Garcia, as a plaintiff. Defendant opposes the amendment on the basis of futility, asserting that on November 25, 2007, Mr. Garcia settled his underinsured motorist claim against American Family and executed a complete release of all claims related to UIM coverage. Defendant contends that because Mr. Garcia is legally barred from pursuing any claim against American Family, he cannot be a member of the class he seeks to represent.

Plaintiffs counter that the release can be rescinded on the basis of mutual mistake, specifically the parties' mutual assumption that the insurance policy offset provision was enforceable. See Renner v. Kehl, 150 Ariz. 94, 96-97, 722 P.2d 262, 264-65 (1986); Restatement (Second) of Contracts § 152. Plaintiffs contend that assumption was proven wrong when the Arizona Supreme Court held in 2008 that Arizona's Uninsured/Underinsured Motorist Act, A.R.S. § 20-259.01, precludes an insurer from reducing underinsured motorist coverage based on the insured's receipt of workers' compensation benefits. See Cundiff v. State Farm Mut. Auto. Ins. Co., 217 Ariz. 358, 359,

1    174 P.3d 270, 271 (2008).

        In order to support a claim of mutual mistake of the law, Mr. Garcia must establish that both parties were mistaken as to the law at the time the contract was entered into. Here, however, the only "mistake" was the parties' inability to predict how the Arizona Supreme Court would decide a future case. It was not a "mistake" as to current state of the law at the time the agreement was executed. A subsequent change in or clarification of the law is distinguishable from a mutual mistake of the law. Allowing rescission of a settlement agreement based on a subsequent change in the law would perpetually call into question the finality of an agreement. Because Mr. Garcia signed a release of claims in favor of American Family he is legally barred from pursuing a claim and the proposed amendment to add him as a plaintiff would be futile.

        **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiffs' motion to amend (doc. 32). The motion is granted to the extent that it seeks to assert claims against American Standard. The motion is denied to the extent that it seeks to assert a claim for injunctive relief and to expand the class definition.

        **IT IS ORDERED GRANTING** defendant's motion to limit plaintiffs' standing to assert claims on behalf of American Standard insureds only (doc. 44). **IT IS FURTHER ORDERED DENYING** plaintiffs' motion for leave to file a second amended complaint (doc. 71).

        DATED this 23rd day of July, 2010.

                                    _____
                                    Frederick J. Martone
                                    United States District Judge